UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL E PALFFY and
CYNTHIA R. PALFFY,

    Plaintiffs,

v.                                    Case No. 13-11935

BSI FINANCIAL SERVICES, INC., et al.,

    Defendants.
                                      /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Seeking to set aside a foreclosure, Plaintiffs Carl and Cynthia Palffy sue BSI Financial Services, Inc., Newbury Place Reo, LLC, and Italy American I, LLC. Defendants BSI and Newbury move to dismiss. The matter is fully briefed, and no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2). The motion will be granted.

**I. BACKGROUND**

In May 2007 Plaintiffs obtained a loan of $512,000 to purchase a house ("the property") in Birmingham, Michigan. Plaintiffs secured the loan by granting a mortgage against the property. PNC Bank obtained the mortgage by merger and assigned it to Newbury in May 2012.

After Plaintiffs defaulted on the mortgage, Newbury commenced foreclosure by advertisement proceedings, published notice of foreclosure on May 16, May 23, May 30, and June 6, 2012, and posted the notice of foreclosure at the property on May 29, 2012. Newbury purchased the property at a sheriff's sale for $299,000 on June 19, 2012. Newbury deeded the property to Italy American I.

In December 2012 Plaintiffs sued Defendants in state court seeking to set aside the foreclosure. The Circuit Court dismissed the action for non-service of process in April 2013. Plaintiffs then filed this action in federal court on April 30, 2013.

## II. STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

Plaintiffs' complaint alleges that the foreclosure and transfer of the property violated Mich. Comp. Laws § 600.3204 (count I); that Defendants violated HUD and HAMP regulations imposed by the mortgage (count II)—a claim Plaintiffs have dropped; that Defendants tortiously interfered with a contract (count III); that Defendants committed civil conspiracy (count IV); and that Defendants violated the Fair Debt Collection Practices Act and Michigan's Regulation of Collection Practices Act (counts V and VI). Plaintiffs seek to quiet title (count VII).

### A. Mich. Comp. Laws § 600.3240 and Quiet Title (Counts I & VII)

A borrower may redeem a foreclosed property within a time set by statute. Mich. Comp. Laws § 600.3240(1). If at foreclosure the mortgagor of a residential property owes more than two-thirds the original mortgage loan, she has six months to redeem; if less than that amount, a year. § 600.3240(8). Because the property was sold in June 2012, the one-year maximum has passed. After the redemption period, a plaintiff loses all rights to the property and is barred "from making any claims with respect to the

foreclosed property." *Stroud v. Bank of America, N.A.*, 2013 WL 3582363, *3 (E.D. Mich. 2013); *see also* Mich. Comp. Laws § 600.3236. Starting a legal action does not toll the redemption period. *Houston v. U.S. Bank Home Mortg. Wis. Serv.*, 505 F. App'x 543, 548-49 (6th Cir. 2012) ("The right to redeem from a foreclosure sale is a statutory right that can neither be enlarged nor abridged by the courts."). After the redemption period, the mortgagor can set aside the sale only by showing fraud or irregularity in the foreclosure sale itself. *See Conlin v. M.E.R.S.*, 714 F.3d 355, 359-60 (6th Cir. 2013).

Plaintiffs do not allege fraud in the foreclosure proceeding; rather, they argue that the mortgage assignments were fraudulent. However, Plaintiffs are not a party to the assignments, and thus may not challenge them. *See Livonia Property Holdings v. 12840-12976 Farmington Road Holdings, LLC*, 717 F.Supp.2d 724, 735-36 (E.D. Mich. 2010) ("A debtor, for example, cannot raise alleged acts of fraud, or question the motive or purpose underlying an assignment."). Because Plaintiffs do not allege fraud in the foreclosure proceeding, they are bound by the redemption period. They allege no violation of Mich. Comp. Laws § 600.3240, and have no right to quiet title.

**B. Tortious Interference with a Contract and Civil Conspiracy (Counts III & IV)**

Plaintiffs allege no facts supporting the claim for tortious interference with a contract. For a claim of tortious interference with a contract, Plaintiffs must prove (1) the existence of a contract, (2) a breach, and (3) instigation of the breach, without justification, by a defendant, who must be a third-party to the contract. *Health Call of Detroit v. Atrium Home & Health Care Servs.*, 706 N.W.2d 843, 848-49 (Mich. Ct. App. 2005). Plaintiffs have not identified a contract term that was breached, and they do not

show how a breach of contract was without justification.  Plaintiffs admit that they were in default on their mortgage loan; theirs is the only potential breach of a contract.

Likewise Plaintiffs allege no facts to support their allegation of civil conspiracy. "A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means."  *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 670 N.W.2d 569, 580 (Mich. Ct. App. 2003).  "It is necessary to prove a separate, actionable tort."  *Id.*  Plaintiffs provide no facts to support an actionable tort for fraud or for tortious interference with a contract.  No facts support an actionable tort.

### C. The Fair Debt Collection Practices Act and Michigan's Regulation of Collection Practices Act (Counts V & VI)

Plaintiffs allege that Defendants violated both the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Michigan Regulation of Collection Practices Act ("MRCPA"), Mich. Comp. Laws § 445.252.

However, Defendants are not "debt collectors" within the meaning of the FDCPA. Collecting its own debts, Newbury was a "creditor," not a "debt collector" as defined by the FDCPA.  *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003); *Hewitt v. Bank of America NA*, 2013 WL 3490668, *12 (W.D. Mich. 2013).  BSI, which was enforcing a "security interest," is also not a "debt collector" under the statute. *Montgomery*, 346 F.3d at 701 ("Except for purposes of § 1692f(6), an enforcer of a security interest, such as a repossession agency, does not meet the statutory definition of a debt collector under the FDCPA."); *see also Gray v. Four Oak Court Ass'n, Inc.*,

580 F.Supp.2d 883, 888 (D. Minn. 2008) ("The enforcement of a security interest, including a lien foreclosure, does not constitute the 'collection of any debt.'").

Further, Plaintiffs do not allege facts to support their allegations of a violation of the FDCPA or MRCPA.  For both claims Plaintiffs merely recite allegations that mirror the language in the statute, and a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The foreclosure and sheriff's sale cannot form the basis for an action under either the FDCPA or the MRCPA because those actions are authorized by statute; thus, they cannot be "harassing, oppressive, or abusive methods to collect a debt." *Bolone v. Wells Fargo Home Mortgage, Inc.*, 858 F.Supp.2d 825, 837-38 (E.D. Mich. 2012).  Plaintiffs allege only one fact—that Defendants continued to contact Plaintiffs, despite being told that Plaintiffs were represented by counsel.  (Dkt. # 9, Pg ID 272-73.)  In support, Plaintiffs submit a letter they received on February 13, 2012, sent by Defendants.  (Dkt. # 9-1, Pg. ID 339-40.)  However, Plaintiffs have not established that they had informed Defendants of their representation by counsel.  Defendants submit a letter from Plaintiffs' counsel, dated February 29, 2012, notifying Defendants that Plaintiffs had counsel.  (Dkt. # 12-20, Pg ID 537.)  Defendants learned of Plaintiffs' counsel from the February 29 letter and, so, sent the February 13 letter in rightful ignorance.  The record allows no other inference.

## IV. CONCLUSION

IT IS ORDERED that BSI and Newbury's motion to dismiss [Dkt. # 12] is GRANTED. The complaint against them is DISMISSED.

                                        s/Robert H. Cleland  
                                        ROBERT H. CLELAND  
                                        UNITED STATES DISTRICT JUDGE

Dated: September 3, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 3, 2013, by electronic and/or ordinary mail.

                                        s/Lisa Wagner  
                                        Case Manager and Deputy Clerk  
                                        (313) 234-5522